IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BIG HART MINISTRIES et al., § | |
| § | |
| Plaintiffs, § | |
| § | Case No. 3:07-CV-00216 |
| v. § | ECF |
| § | |
| CITY OF DALLAS, § | |
| § | |
| Defendant. § | |

**JOINT PROPOSAL FOR SCHEDULING AND DISCOVERY ORDER**

On September 14, 2009, a face-to-face meeting was held between undersigned counsel for Plaintiffs Big Hart Ministries Association, Inc., Rip Parker Memorial Homeless Ministry, William Edwards (collectively "Plaintiffs") and Defendant City of Dallas ("Defendant") to discuss and address the matters contained in the Court's Order Requiring Attorney Conference and Proposal for Contents of Scheduling and Discovery Order, dated August 31, 2009 (ECF Doc. 48).

**I.   Proposed Time Limits**

1.   The Parties agree[1] and propose that, with the exception of the proposals below, discovery and motion practice in the case should be limited only as provided in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2.   The Parties propose March 1, 2010 as the time limit to file motions for leave to join other parties and/or amend the pleadings;

3.   The Parties propose June 15, 2010 as the time limit for initial designation of expert witnesses on all issues for which a party has the burden of proof at trial.  At the time of

---

[1] The one item the Parties did not agree upon appears in bold face type below at section I.5.e.

the initial designation of experts, any party who has the burden of proof on an issue shall file a written designation of the name and address of each expert witness who may testify at trial on all such issue(s), submit opening expert reports, and otherwise comply with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure.

4. The Parties propose August 15, 2010 as the time limit to designate responsive expert witnesses on all issues for which a party does not have the burden of proof at trial. At the time of responsive designation of experts, any party without the burden of proof on an issue, but who wishes to utilize an expert witness at trial on such issues or respond to expert witness reports, must submit responsive reports and otherwise comply with the requirements of Rule 26(a)(2), Federal Rules of Civil Procedure.

5. The Parties propose September 15, 2010 as the time limit to complete discovery and propose that the following limitations should apply to discovery:

    a. The Parties have previously served disclosures pursuant to Rule 26(a)(1), Federal Rules of Civil Procedure, and will supplement those disclosures as may be necessary in accordance with the Federal Rules of Civil Procedure;

    b. The Parties propose that any production of electronically stored information ("ESI") will be made in electronic format, but that ESI need not be produced if it is not reasonably accessible because of undue burden and cost or is unreasonably cumulative and duplicative;

    c. The Parties propose that depositions be limited to a maximum of forty-two (42) hours per side (Plaintiffs and Defendant), excluding expert witness depositions;

    d. The Parties propose that each side be allowed a maximum of thirty (30) interrogatories and thirty (30) requests for admission; and

      e.      **THE PARTIES DO NOT AGREE on the proposed maximum number of requests for production of documents and things to be allowed to each side. Plaintiffs propose a maximum of fifty (50) per side; Defendant proposes a maximum of thirty (30) per side**.

      6.      The Parties propose October 15, 2010 as the time limit for the filing of nondispositive motions;

      7.      The Parties propose November 15, 2010 as the time limit for filing of dispositive motions;

      8.      The Parties propose a trial date of February 15, 2011. The Parties anticipate that should the case proceed to trial no more than three (3) days will be required for trial. A jury has been demanded.

## II.    Status of Settlement Negotiations

The Parties have not entered into settlement negotiations at this time; however, they have agreed that settlement negotiations will be initiated by submission of a settlement demand by Plaintiffs after sufficient discovery has been completed.

## III.    Trial Before U.S. Magistrate Judge

The Parties have carefully reviewed 28 U.S.C.A. § 636(c) and, specifically, 636(c)(3), and respectfully do not consent to a trial before a U.S. Magistrate Judge.

## IV.    Consideration of Mediation or Abritration

At this time, the Parties are not in a position to mediate or arbitrate this matter. The Parties will be in a better position to assess the possible utility of mediation or arbitration after sufficient discovery has been conducted.

## V.     Other Relevant Proposals or Matters

The Parties have no additional proposals regarding scheduling and discovery and are aware of no relevant matters regarding the status or disposition of the case that presently require the Court's attention.

This the 29th day of September, 2009.

Respectfully submitted,

 /s Deidra Penny
Deidra Penny
Texas Bar No. 24036668
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002-5242
Telephone:  713.654.7668
Facsimile:  713.787.1440
email:  pennyd@howrey.com

Tulin Ozdeger
National Law Center on Homelessness & Poverty
1411 K Street NW, Suite 1400
Washington, DC 20005
Telephone:  202.638.2535
Facsimile:  202.628.2737
tozdeger@nlchp.org
ATTORNEYS FOR PLAINTIFFS

*s/Peter B. Haskel*
Peter B. Haskel
Assistant City Attorney
Texas Bar No. 09198900
Victoria W. Thomas
Assistant City Attorney
Texas Bar No. 24059913
Office of the City Attorney
1500 Marilla Street, Suite 7BN
Dallas, Texas 75201
Telephone:  214.670-3519
Facsimile:  214.670-0622
victoria.thomas@dallascityhall.com
peter.haskel@dallascityhall.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I certify that on September 29, 2009 I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, including each of the above-named counsel for Plaintiffs and for Defendant.

                                         *s/ Deidra Penny*
                                         Deidra Penny